

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. F. C. Branson, Commissioner,
Department of Banking
Austin, Texas

Dear Sir:

Opinion No. O-1425
Re:  Liquidation of State banks —
Office expense account —
Availability of surplus.

This will acknowledge receipt of your letter of December 7, 1939, submitting for a legal opinion the following statement and questions:

"As you, of course, are aware the expense of liquidation of all state banks is borne by the several banks in liquidation. For the joint benefit of all banks in liquidation, the liquidation division of the State Banking Department had been established — an office unit occupying a portion of the office space appropriated to the State Banking Department, consisting of a Liquidating Supervisor, stenographers, assistants, a lawyer, etc. The cost of this office unit has in the past been paid out of an account designated as the 'office expense account', which, since time immemorial was supplied by assessment from the several banks in liquidation. In the past — when there were more banks in liquidation — former administrations due to small over estimates in the expense built up a surplus in this account which has never been completely used up. At the present time the assessments against banks in liquidation have been reduced so that generally they do not pay the cost of operations and this surplus is gradually being consumed by current expenses in the liquidation of banks now in the hands of the Commissioner.

"Unfortunately there are now pending a number of suits which grew out of liquidations which have been closed. There are no assets of such liquidations with which to pay the expenses of such liquidation - traveling expenses for attorneys, court costs, deposits, witness fees and the expenses of such witness. These suits must be defended in the interest of the public. For example, all assets of the American State Bank of Edinburg were sold, and the proceeds distributed among the creditors, and the liquidation closed by order of the District Court of Hidalgo County. The United States, asserting a preferred lien against the assets of the bank thus sold, has brought suit in the District Court of Hidalgo County to set aside the sale of assets above mentioned. Obviously the suit must be defended. There are, however, no funds of the liquidation out of which to pay these costs.

"In this connection I respectfully submit two questions:

"(1) Can the surplus, above mentioned, in the office expense account be used in the payment of the cost of defending suits of this character?

"(2) If this fund is not available, or sufficient, from what other source can these expenses be paid?"

Article 462 of the Revised Civil Statutes provides as follows:

"Compensation of counsel, employees and assistants, and all expenses of supervision and liquidation shall be fixed by the Commissioner, who shall, from time to time, present to the District Court in the county in which said bank or bank and trust company is located, if in session, and to the judge thereof, if in vacation, an itemized and sworn statement of the expenses incurred by him in the liquidation of such bank or bank and trust company, which account shall be approved by said court, if in session, or the judge thereof, if in vacation, unless objection is filed

thereto within ten days after the filing or presentation of said expense account".

The "office expense account" mentioned by you is a proper setup in pursuance of the provisions of Article 462 immediately above quoted. It will be seen that this Article authorizes the payment of "all expenses of supervision and liquidation". It is impracticable, if not impossible, for the proper supervision and liquidation of insolvent banks to be carried on without office or departmental expenses separate and a part from the individual expenses incident to the respective banks in liquidation. These departmental expenses apply in common to all banks in the hands of the Commissioner for liquidation, and no particular portion thereof can be allocated to any particular bank, and indeed, such, of course, is not the purpose of the setup of the "office expense account". When, in the course of the periodical reports by the Commissioner to the individual District Courts of the expenses of liquidating the particular bank over which that court has jurisdiction, the estimated assessment against such bank is included and approved by the court, it thereupon becomes allocated to the general purpose of supervision and liquidation of failed banks in general. This fund, therefore, is the proper fund from which the Commissioner should pay expenses of the departmental or office force in connection with items of expense, such as you mention, regardless of the origin or time of the acquisition. The fund has been accumulated and set apart for that very purpose. As stated by you, suits of the character mentioned in your letter must be defended and expenses, such as those mentioned by you, must be paid, and there is no other fund from which payments may be made.

So that, your question No. 1 is answered in the affirmative, and this makes an answer to your second question unnecessary.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED DEC 18, 1939

ATTORNEY GENERAL OF TEXAS